IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Erika Meyer,

    Plaintiff,

v.                                                             Case No. 04-4099-RDR

Christopher Nava, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the court upon motion by the Plaintiff, Erika Meyer, to compel Defendants to produce certain information sought by interrogatory. (Doc. 34). Plaintiff moves the court to order Defendants to respond to Plaintiff's Interrogatory No. 6 stating, "List all female inmates (including names and last known address or whereabouts and telephone number) who were incarcerated at the Lyon County Jail during the period of time Christopher Nava was employed at the Lyon County Jail. Designate the dates of each of these persons term of incarceration at the Lyon County Jail."[1]

Defendants have filed a timely response to the motion, asserting that although the inmates' names are discoverable, their addresses and telephone numbers are not subject to disclosure pursuant to K.S.A. 45-221(a)(29)(A). Defendants also argue that the discovery sought is overbroad and not justified on a factual basis. Plaintiff has not filed any reply and the time to do so has now expired.[2] D.Kan. Rule 7.4 provides that the "failure to file a brief or response within the time specified within Rule 6.1(d) shall

---

[1] Plaintiff's Motion to Compel Production of Discovery Requests ("Plaintiff's Motion to Compel") (Doc. 34), p. 2.

[2] D. Kan. Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions ... shall be filed and served within 14 days."

constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect."[3]  Therefore, the court considers this motion to be fully-briefed and ripe for decision.  For the reasons stated below, Plaintiff's Motion to Compel Production of Discovery Requests is granted.

## I. Factual Background

Plaintiff brings this claim seeking monetary damages resulting from a rape committed by a Lyon County jailer, Christopher Nava, on May 11, 2003.[4]  Plaintiff also brings suit against the acting shift supervisor, Gary Eichorn, alleging that he knew or should have known that Nava was engaging in unlawful activities, and that he failed to properly supervise Nava, creating an environment in which abuses were likely to occur.[5]

Plaintiff has properly served Defendant with interrogatories on January 14, 2005, and Defendants have timely responded.  However, Defendants refused to answer Interrogatory No. 6 on the basis that the question was overbroad and burdensome, was irrelevant, involves privacy rights, and is not reasonably calculated to lead to discoverable evidence.[6]  Plaintiff objected to Defendants' refusal in a letter dated February 15, 2005.[7]  Defendants responded to this letter by stating that they would stand by their initial refusal.[8]  On March 14, 2005, Plaintiff filed the instant Motion to Compel Production of Discovery

---

[3] D. Kan. Rule 7.4.

[4] Motion to Compel (Doc. 34), p. 1.

[5] Motion to Compel (Doc. 34), p. 1-2.

[6] Motion to Compel (Doc. 34), p. 2.

[7] Motion to Compel (Doc. 34), p. 2-3.

[8] Motion to Compel (Doc. 34), p. 3.

Requests. (Doc. 34).

## II. Discussion

It is widely agreed that "'mutual knowledge of all relevant facts is essential to the proper disposal of litigation and that prior to trial every party to a civil action is entitled to the disclosure of all such information in the possession of any person, unless the information is privileged.'"[9] Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[10] Thus, parties "may be allowed 'extensive' discovery in order to prove his or her case."[11]

"When the relevancy of propounded discovery is not apparent, ... its proponent has the burden to show the discovery relevant."[12] If, however, the discovery sought appears relevant, the party resisting discovery can show lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under amended Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary

---

[9] *See Berst v. Chipman*, 653 P.2d 107, 114 (Kan. 1982) (quoting *Alseike v. Miller*, 412 P.2d 1007, 1014 (Kan. 1966)).

[10] Fed. R. Civ. P. 26(b)(1).

[11] *See Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 981 (10th Cir. 1996); *see also Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995).

[12] *See Bryant*, 2002 U.S. Dist. LEXIS 14344 at *5-6; *see also Pulsecard, Inc. v. Discovery Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996).

presumption in favor of broad disclosure.[13] The relevance of the proposed discovery is apparent because it is reasonably calculated to lead to the discovery of admissible evidence.[14] Plaintiff seeks to establish a pattern of misconduct by Nava and a failure to adequately supervise the jailers by Eichorn. The information sought would be used to contact those individuals who may have witnessed the conduct of Nava or could provide insight into the behavior of Eichorn. Federal Rule of Evidence 404(b) allows evidence of prior bad acts to show "motive, opportunity, intent, plan, identity, preparation, knowledge, absence of mistake or accident, [or] other similar purposes."[15] Thus, information gained from other inmates would be demonstrative for establishing the elements of Plaintiff's claim against both Nava and Eichorn.

Similarly, a party objecting to discovery on the basis of over-breadth must substantiate its objection, unless the request appears overly broad on its face.[16] In opposing discovery on the grounds of over-breadth, the opposing party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.[17] "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to

---

[13] *See Scott v. Leavenworth Unified Sch. Dist.*, 190 F.R.D. 583, 585 (D. Kan. 1999), *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999). Despite the change in Fed. R. Civ. P. 26(b)(1), which was amended in 2000, the standard enunciated in *Scott* and *Etienne* continues to apply. *See Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001).

[14] *See* Fed. R. Civ. P. 26(b)(1).

[15] Fed. R. Evid. 404(b)(1)-(9).

[16] *See Etienne*, 185 F.R.D. at 656; *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997).

[17] *See Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991).

produce the requested documents."[18] The requested discovery is not overbroad. The Defendants have failed to set forth any facts establishing that the proposed discovery is unduly burdensome. Furthermore, the information is reasonably limited to the time in which Nava was employed by the Lyon's County Jail. As stated below, much of this information is subject to public disclosure and should be readily available. Therefore, the requested discovery does not subject the Defendants to undue burden.

Furthermore, there are no privilege considerations preventing disclosure of the desired information. K.S.A. § 45-211(a)(29)(A) specifically states that the name, sentence data, and address of an identifiable inmate or releasee shall be subject to public disclosure.[19] The releasees' phone numbers are the only part of the requested discovery not specifically made public by KORA. "'K.S.A. 45-221(a) sets out ... thirty-five categories of records which public agencies are not *required* to disclose. Thus, the act does not prohibit disclosure of records contained within these exceptions, but rather makes their release discretionary ....'"[20] Even if the information sought cannot be disclosed to the public, such disclosure is not prohibited in a lawsuit because the information may be protected by a protective order. As the information

---

[18] *See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[19] Kan. Stat. Ann. § 45-221(a)(29)(A):
> (a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose: (29) Correctional records pertaining to an identifiable inmate or release, except that: (A) The name; photograph and other identifying information; sentence data ... location of facility where incarcerated or location of parole office maintaining supervision and address of releasee whose crime was committed after the effective date of this act shall be subject to disclosure ....

[20] *Wichita Eagle & Beacon Publ'g Co. v. Simmons*, 50 P.3d 66, 82 (Kan. 2002) (emphasis added) (quoting Harris Enters., Inc. v. Moore, 734 P.2d 1083, 1087 (1987).

sought is relevant, it must be disclosed.[21]

Federal Rule of Civil Procedure 26(c)(2) provides that a party may seek a protective order limiting the use of the disclosed information to "specified terms and conditions."[22] In response to Defendants' concerns regarding the non-public nature of the discovery sought, the court will allow the parties 10 days from the date of filing this order to confer and then file a joint motion and submit a jointly proposed protective order. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum by the same date. If a request for a protective order is not filed, disclosure of the information sought in these requests will be required without the protection of any such order.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion to Compel Production of Discovery Requests (Doc. 34) is granted.

2. That Defendant shall provide a list of all female inmates (including names and last known address or whereabouts and telephone number) incarcerated at Lyon County Jail during Nava's employment and the terms of their incarceration within 20 days from the date of filing this order, by **June 22, 2005**.

3. That the parties are given 10 days from the date of filing this order, by **June 13, 2005**, to submit a motion for a protective order and proposed protective order addressing the information ordered to be disclosed by this order.

**IT IS SO ORDERED.**

---

[21] Not privileged. Defendant has not demonstrated the existence of any privileged relationship or communication. *See Berst v. Chipman*, 653 P.2d 107, 114-115 (Kan. 1982) (emphasis in original) (quoting 8 Wigmore on Evidence § 2285, p. 527 (McNaughton rev. 1961)).

[22] Fed. R. Civ. P. 26(c)(2).

Dated this 2nd day of June, 2005, at Topeka, Kansas

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
