IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ERIKA MEYER,

            Plaintiff,
vs.                                 **Case No. 04-4099-RDR**

CHRISTOPHER NAVA, as an
Individual and as an Official
of Lyon County, Kansas; THE
BOARD OF COUNTY COMMISSIONERS
OF LYON COUNTY, KANSAS; and
SHERIFF GARY EICHORN, as an
Official of Lyon County, Kansas,

_____

## MEMORANDUM AND ORDER

This is a civil rights action brought by the plaintiff pursuant to 42 U.S.C. § 1983 against Christopher Nava, a former employee at the Lyon County Jail; the Board of County Commissioners of Lyon County, Kansas; and Gary Eichorn, Sheriff of Lyon County, Kansas. Plaintiff seeks damages for injuries she suffered while she was incarcerated at the Lyon County Jail. This matter is presently before the court upon plaintiff's motion for partial summary judgment. Plaintiff seeks summary judgment against defendant Nava. Nava has failed to timely respond to plaintiff's motion. Having carefully reviewed the instant motion, the court is now prepared to rule.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See Anderson, 477 U.S. at 256. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial. Id. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment. See id. The court must consider the record in the light most favorable to the nonmoving party. See Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984), cert. denied, 469 U.S. 1214 (1985). The court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

The following facts are either uncontroverted or shall be considered true for the purposes of deciding this summary judgment motion. On or about May 11, 2003, plaintiff was arrested for driving under the influence by an officer with the Emporia Police Department. Plaintiff was taken to the Lyon County Jail in Emporia, Kansas. Plaintiff was very intoxicated. Defendant Nava was the acting shift supervisor at the Jail. During her period of incarceration at the Jail, plaintiff was raped, sodomized and sexually battered by Nava. Nava was subsequently convicted of rape, aggravated criminal sodomy and attempted aggravated criminal sodomy.

In order to prove her federal claims against defendant Nava, plaintiff must prove that the defendant acted under color of state law when he performed some act, and that his actions deprived her of rights, privileges or immunities secured by the

Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Rape and/or sexual abuse of an inmate by a guard, jail employee or correctional officer constitutes a violation of the Fourth and Fourteenth Amendments to the United States Constitution.  See, e.g., Giron v. Corrections Corp. of America, 191 F.3d 1281, 1289-90 (10th Cir. 1999) (rape of inmate by prison guard constitutes excessive force under the Fourth Amendment); Rogers v. City of Little Rock, Arkansas, 152 F.3d 790, 796-97 (8th Cir. 1998) (rape of woman stopped for traffic violation by police officer violates substantive due process right to bodily integrity under the Fourteenth Amendment).

There is no question that the actions of defendant Nava violated the constitutional rights of the plaintiff.  Accordingly, plaintiff is entitled to summary judgment on her claims against this defendant.  The issue of damages and the liability of the other defendants remain to be determined.

**IT IS THEREFORE ORDERED** that plaintiff's motion for partial summary judgment (Doc. # 43) be hereby granted.  Plaintiff is entitled to judgment on her claims against defendant Christopher Nava.  The issue of damages and the liability of the other defendants remain to be determined.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2005 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge