# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIKA MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 04-4099-RDR |
| | ) |
| CHRISTOPHER NAVA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover for alleged violations of her Fourteenth Amendment Rights and for defendants' alleged negligence based upon Kansas state law. The trial judge has previously granted summary judgment to plaintiff against defendant Nava as to liability.[1] Therefore, the issues remaining for determination in this matter are plaintiff's claims for liability involving defendants Sheriff Gary Eichorn, as an official of Lyon County, Kansas, and the Board of County Commissioners of Lyon County, Kansas (collectively hereinafter "Lyon County defendants") and the nature and extent of plaintiff's damages involving all defendants.[2]

This matter comes before the court for determination of defendant Nava's motions to proceed *in forma pauperis* (Doc. 47) and for appointment of counsel (Doc. 46). Additionally, during the final pretrial conference held in this matter, the issue arose of whether defendant Nava had been adequately aware that he was not represented in this matter by counsel for the Lyon County defendants. The court requested a report on the nature and extent of contacts between counsel for the Lyon County defendants and defendant

---

[1] *See* Memorandum and Order (Doc. 45).

[2] *See Id.*

Nava. Having reviewed defendant Nava's two pending motions, as well as the report of contacts between counsel for the Lyon County defendants and defendant Nava, the court is now prepared to rule on these issues. For the reasons set forth below, the court finds that defendant Nava's motion to proceed *in forma pauperis* shall be granted, that defendant Nava's motion for appointment of counsel shall be denied, and that defendant Nava was made aware in an appropriate and timely fashion that he was not being represented in this matter by counsel for the Lyon County defendants.

### I. Motion to Proceed *In Forma Pauperis*

Section 1915 of Title 28, United States Code allows the court to authorize the defense of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right–fundamental or otherwise.'"[3] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[4]

Defendant Nava has provided the court with financial information in his motion, and he attached a statement of his Kansas Department of Corrections inmate account in support. Plaintiff has filed a combined response to defendant Nava's motion to proceed *in forma pauperis* and for appointment of counsel; however, within that document she states an objection only to the appointment of counsel and does

---

[3] *Barnett ex rel. Barnett v. Northwest School*, No. 00-2499-KHV, 2000 WL 1909625 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[4] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. April 23, 1999)).

not dispute defendant Nava's representation of indigence. As such, the court finds that defendant Nava's request for *in forma pauperis* status has not been contested.

After review of the information provided, the court finds that defendant Nava has made a sufficient showing of indigence to warrant his being allowed to proceed in defense of this matter *in forma pauperis*. The court will, therefore, grant defendant's motion to proceed *in forma pauperis* (Doc. 47).

**II. Motion for Appointment of Counsel**

Contemporaneous with his filing of the motion to proceed *in forma pauperis*, plaintiff also filed the instant motion seeking to have the court appoint counsel to represent him in this matter. Plaintiff has filed a response in opposition (Docs. 48), and the Lyon County defendants have filed a response indicating that they do not object to defendant Nava's request (Doc. 49).

This is defendant Nava's second motion requesting the court to appoint counsel. His first such motion (Doc. 21) was denied without prejudice by the court for failure to provide any information to substantiate his contention that he was unable to afford the costs of legal representation. Because defendant Nava has now sought *in forma pauperis* status and submitted financial information adequate to substantiate his claim of indigence, the court will address the instant motion for appointment of counsel on its merits.

There is no constitutional right to the assistance of counsel in a civil case under the Sixth Amendment.[5] Nevertheless, pursuant to 28 U.S.C. § 1915(e)(1), the court may "request an attorney to represent any person unable to afford counsel." In determining whether it is appropriate to request such representation, the court must "give careful consideration to all the circumstances [present in a case] with

---

[5] *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

3

particular emphasis upon certain factors that are highly relevant to a request for counsel."[6] These factors include the merits of the requesting party's claims, the nature of the factual issues raised in the claims, the party's ability to present his claims, and the complexity of the legal issues raised by the claims.[7]

As a result of the trial judge's grant of partial summary judgment against defendant Nava on the issue of liability, the only issues remaining for him to contest in this lawsuit are the nature and extent of plaintiff's damages.[8] As such, the merits of defendant Nava's specific defenses to plaintiff's damages claims, and the factual issues raised by any such defenses, are not sufficiently clear to provide the court with much assistance in resolving the instant motion. However, with respect to these factors, the court notes all defendants are contesting the same alleged damages flowing from the same allegedly wrongful acts, so defendant Nava will have the benefit of any efforts by his co-defendants that aim to reduce the amount of damages available to plaintiff. As such, to the extent these factors are at all probative with respect to defendant Nava's request for counsel, the court finds that they do not weigh in favor of granting defendant Nava's request.

With respect to the factor of the complexity of the legal issues to be litigated, there do not appear to be any complex or unique legal issues raised by plaintiff's damage claims, which consist of claims for medical care and treatment; pain, suffering , and mental distress; punitive damages; and an award of attorney's fees in bringing the instant action. Moreover, once again, all defendants are aligned with respect

---

[6] *Rucks v. Boegermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[7] *Id.* at 979 (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

[8] *See* Memorandum and Order (Doc. 45).

to seeking a reduction or disallowance of any of plaintiff's claims, and, therefore, defendant Nava will have the benefit of any efforts by his co-defendants. As such, the court finds that the complexity of the legal issues raised by defendant Nava's defense to plaintiff's damage claims does not weigh in favor of his request for counsel.

The remaining factor to be considered is defendant Nava's ability to present his claims. The court has reviewed defendant Nava's prior filings, including the instant motion for appointment counsel and the contemporaneous motion to proceed *in forma pauperis*. Based upon this review, the court finds plaintiff has demonstrated an ability to frame and articulate his position, marshal facts in support, and pray for the relief sought in a clear and comprehensible manner. He cites to statutes in support of his position and appears to recognize what facts are material to the requests he is making. As such, the court is comfortable that defendant Nava has the ability to clearly and effectively present his position with respect to the issues remaining in this action. Therefore, the court finds that the factor of defendant Nava's ability to present his claims does not weigh in favor of his request for counsel.

The only issues that remain for defendant Nava to litigate in this matter are the nature and extent of plaintiff's damages. Plaintiff advances straightforward and easily comprehensible damage theories, and the motivation to limit or avoid plaintiff's damage claims is the same for all defendants. Defendant Nava's prior court filings demonstrate that he has an awareness of his situation, an understanding of relevant facts, and an ability to articulate his positions in a clear and comprehensible manner. The court, therefore, finds that defendant Nava possesses an adequate ability to present his defenses to the factually and legally straightforward issues remaining for determination, and that his motion for appointment of counsel (Doc. 46) shall be denied.

5

### III.  Defendant Nava's Awareness Regarding Representation by Counsel

During the final pretrial conference in this matter, the court requested counsel for the Lyon County defendants to provide a report on the nature and extent of contacts between themselves and defendant Nava.  The court was concerned that defendant Nava might have not have been aware that counsel for the Lyon County defendants was not acting on his behalf in this action.  Counsel subsequently provided the court with a written report as requested.

The court has reviewed the report provided by counsel for the Lyon County defendants and finds that from defense counsels' first contact with defendant Nava about the case on October 18, 2004, prior to any answers being filed in the case, counsel has been clear that they do not represent defendant Nava's interests in this matter.[9]  Defendant Nava's filing of his own *pro se* answer to the claims against him on October 27, 2004, is evidence of his recognition that counsel for the Lyon County defendants were not representing him in this matter.[10]  The court notes plaintiff's counsel has also communicated directly with defendant Nava throughout the case and clearly stated that such direct contact was undertaken because he was an unrepresented party.[11]

---

[9] Counsel for the Lyon County defendants reports that court that attorney Wendell F. (Bud) Cowan spoke with defendant Nava by telephone on October 18, 2004, and informed him at that time that they would be representing Lyon County, including with regard to claims brought against Lyon County through the mechanism of naming defendant Nava in his official capacity, but that they would not provide any representation to him individually.

[10] *See* Answer of Defendant Nava (Doc. 13).

[11] An example of such correspondence is the letter from plaintiff's counsel, Keith Renner, sent to defendant Nava on November 10, 2004, and accompanied by copies of the court's Initial Order Regarding Planning and Scheduling and a draft copy of the proposed Parties' Planning Report.  In this letter, Mr. Renner states: "I have been informed by Bud Cowan that he and Mike Baker will represent the defendants in their official capacity, and that you will act *pro se* for the claims asserted against you

6

Defendant Nava's appreciation that counsel for the Lyon County defendants were not acting on his behalf is also evidenced by correspondence he sent seeking to have them either represent his individual interests, or withdraw from representation of him in his official capacity. On December 2, 2004, defendant Nava sent a letter to attorney Mike Baker requesting to be represented in his individual capacity or not at all. The text of the letter states:

> I would like you to withdraw from my case in the above caption [sic] case if you are not willing to also represent me in my individual capacity. Please contact whomever hired you to represent me in my official capacity and let them know they have the option to either hire you for both individual and official capacity in my behalf or not at all. If I don't here [sic] back from you within thirty days in which you have entered your appearance in my behalf in regards to individual capacity I will then file a motion with the Court withdrawing you from my case . Please respect my decision.

While it is not clear from the letter defendant Nava understands that claims brought against Christopher Nava in his official capacity are in actuality claims against Lyon County, it is very clear defendant Nava is aware that counsel is not acting on *his* behalf. Attorney Baker responded to defendant Nava by letter on December 8, 2004, reiterating that while he had been retained by Lyon County's insurer to represent the county's employees in their official capacities, he would not defend defendant Nava in his individual capacity.

Defendant Nava continued to evince an awareness that he was not represented in this matter by filing his first motion seeking appointment of counsel on January 18, 2005 (Doc. 21). Also, counsel for the Lyon County defendants continued to remind defendant Nava that they did not represent his interests at

---

individually. While I normally could not directly communicate with a defendant, since you are representing yourself, I have to make direct contact."

appropriate points during discovery of the case.[12] Defendant Nava further demonstrated his awareness that he was unrepresented when he filed the motion for appointment of counsel considered above (Doc. 46).

The United States Court of Appeals for the Tenth Circuit examined the issues of separate representation of a government official sued in both his official and individual capacities in *Johnson v. Board of County Commissioners for the County of Fremont*.[13] "When a governmental official is sued in his official and individual capacities for acts performed in each capacity, those acts are 'treated as the transactions of two different legal personages.'"[14] "Thus, a person sued in his official capacity has no stake, as an individual, in the outcome of the litigation."[15] "'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity,' and not as a suit against the official personally, 'for the real party in interest in the entity.'"[16]

---

[12] On January 27, 2005, attorney Baker spoke with defendant Nava by telephone to explain that counsel would be preparing responses to plaintiff's written discovery requests and that defendant Nava was responsible for providing any responses in his individual capacity. On February 9, 2005, attorney Baker met with defendant Nava to explain the responses to plaintiff's discovery requests that counsel had prepared and reiterated that defendant Nava would have to provide any responses in his individual capacity. On March 14, 2005, plaintiff took defendant Nava's deposition, and attorney Baker attended and defended the deposition on behalf of the interest of Lyon County only.

[13] 85 F.3d. 489 (10 Cir. 1996).

[14] *Johnson*, 85 F.3d at 493 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n. 6, 106 S.Ct. 1326, 1332 n. 6, 89 L.Ed.2d 501 (1986)).

[15] *Id.* (citing *Bender*, 475 U.S. at 543-44, 106 S.Ct. at 1332-33).

[16] *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)).

"The distinctions between suits against an official in his individual and official capacities give rise to differing and potentially conflicting defenses."[17]  "Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity."[18]  "Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, [the Tenth Circuit Court of Appeals has] admonished that separate representation for the official in his two capacities is a wise precaution."[19]  The Tenth Circuit has not adopted a *per se* rule that there must be separate representation anytime there is a potential for conflict; however "obviously, if the potential conflict matures into an actual material conflict, separate representation would be required."[20]

"Though separate representation is permissible, an attorney may not undertake only the official capacity representation at his or her sole convenience."[21]  "Above all else, the attorney and the district court should ensure the official is not under the impression that the official capacity representation will automatically protect his individual interests sufficiently."[22]  "[A]s with many issues relating to the relationship between attorney and client, the crucial element is adequate communication."

---

[17] *Id.*

[18] *Id.*

[19] *Id.* (internal quotation omitted).

[20] *Id.* (citations omitted).

[21] *Id.* at 493-94.

[22] *Id.* at 494.

9

In the instant case, the fact of an actual conflict between the interests of the Lyon County defendants and defendant Nava have been clear from the earliest stages of the litigation. In the answer filed by the Lyon County defendants (including defendant Nava in his official capacity only), they deny liability for "wrongful deeds of jail personnel" and deny "that Nava had any authority whereby his decisions represented the official policy of Lyon County, Kansas."[23] Given the obvious antagonism between the official interests of the Lyon County defendants and the individual interest of defendant Nava, the court finds that counsel for the Lyon County defendants did not "undertake only the official capacity representation at [their] sole convenience;"[24] but rather, acted appropriately in recognition that they could not ethically act in the interest of both the official defendants and defendant Nava's individual interest.

The court is also satisfied, having reviewed the record in the case and the report of contacts and correspondence submitted by counsel for the Lyon County defendants, that defendant Nava is not now, and has not during the case been, "under the impression that the official capacity representation will automatically protect his individual interests sufficiently."[25] It is abundantly clear from the record and report that counsel has taken great care to make it clear to defendant Nava that they do not represent him in any way for the purpose of protecting his individual interests. Moreover, it is equally clear from the record that defendant Nava is and has been aware that he is unrepresented. This is evinced by his letter demanding that defense counsel expand their representation to include his personal interest or withdraw and his two

---

[23] *See, e.g.,* Answer to First Amended Complaint by Lyon County defendants (Doc. 11), at ¶ 2 & ¶ 7.

[24] *Johnson,* 85 F.3d at 493-94.

[25] *Id.* at 494.

attempts to obtain appointment of counsel by the court. There is nothing in the record of the case that demonstrates any belief by defendant Nava that counsel for the Lyon County defendants are acting on his individual behalf or concerned with protecting and advancing his individual interests in this matter. As such, the court finds that the most important concern emphasized by the Tenth Circuit in this type of situation – the concern that the individual defendant understand that his interests are not represented by counsel for official defendants – has been well-satisfied by the efforts of counsel for the Lyon County defendants in this instance.

The court now having found that defendant Nava is aware that his interests are not represented by counsel for the Lyon County defendants, there remains no impediment to the completion and entry of a pretrial order to control the remainder of this litigation. Because defendant Nava did not participate in the prior final pretrial conference, the court deems it advisable to hold a further final pretrial conference to ensure that defendant Nava has an opportunity to participate in completion of the pretrial order. The court shall order that such a further final pretrial conference shall be conducted by telephone on June 22, 2006, at 1:30 p.m.

As the trial judge's ruling on plaintiff's motion for partial summary judgment (Doc. 45) was issued after the parties' submission of their original proposed pretrial order, the court shall also order the parties to confer and submit a revised proposed pretrial order which accurately reflects the issues remaining for determination in this matter and all parties' contentions regarding those issues. Counsel for the Lyon County defendants shall coordinate the creation and submission of the parties' revised proposed pretrial order. The court recognizes that defendant Nava's incarceration poses challenges to the parties' ability to formulate a complete pretrial order, and the court encourages counsel for the Lyon County defendants

11

to make use of all available means of communication to ensure that defendant Nava has an opportunity to provide meaningful input into the creation of the proposed pretrial order.

**IT IS THEREFORE ORDERED:**

1. That defendant Nava's motion to proceed *in forma pauperis* (Doc. 47) is hereby granted.

2. That defendant Nava's motion for appointment of counsel (Doc. 46) is hereby denied.

3. That a final pretrial conference is hereby scheduled for **June 22, 2006, at 1:30 p.m.** Unless otherwise notified, the undersigned magistrate judge will conduct the conference via telephone, and the court will initiate the conference call to the contact numbers provided by the parties in their revised proposed pretrial order.  No later than **June 16, 2006**, counsel for the Lyon County defendants shall submit the parties' revised proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The revised proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2006, at Topeka, Kansas

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

12