IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ERIKA MEYER,

            Plaintiff,

  vs.                                      **Case No. 04-4099-RDR**

CHRISTOPHER NAVA, et al.,

            Defendants.

**MEMORANDUM AND ORDER**

On October 12, 2007, the court held a hearing to determine the amount of damages to be awarded to plaintiff based upon her claim against defendant Christopher Nava. Having carefully considered the evidence presented at the hearing, the court is now prepared to rule.

This case was filed by plaintiff on August 13, 2004. Plaintiff asserted various claims against Nava, a former employee at the Lyon County Jail; the Board of County Commissioners of Lyon County, Kansas (Lyon County); and Gary Eichorn, Sheriff of Lyon County, Kansas (Sheriff Eichorn). Plaintiff sought damages for injuries she suffered while she was incarcerated at the Lyon County Jail.

Prior to the filing of this action, Nava was criminally convicted for actions that form the basis of this lawsuit. He was convicted of rape, aggravated criminal sodomy, attempted aggravated criminal sodomy, and traffic in contraband in a correctional

institution. He is currently serving his sentence with the Kansas Department of Corrections.

Early in the case, plaintiff sought partial summary judgment on her claim brought pursuant to 42 U.S.C. § 1983 against defendant Nava. Nava failed to timely respond and the court granted summary judgment to plaintiff. Subsequently, the other defendants sought summary judgment. The court granted summary judgment to Lyon County and Sheriff Eichorn on August 30, 2007.

The court shall now turn to the issue of damages against defendant Nava, the only remaining claim in this case. Prior to the hearing on damages, the court notified Nava of the time and date of the hearing. He has not filed any pleading concerning the issues. He also did not request to be present, so the court has not made any effort to seek his presence.

In the pretrial order, plaintiff has requested the following damages: (1) reimbursement to Victims Compensation Fund for money paid by it for medical treatment and counseling for plaintiff resulting from being raped--$360.00; (2) Newman Regional Health for medical treatment resulting from rape--$229.00; (3) pain and suffering--$2,500,000; and (4) punitive damages--$2,500,000. Plaintiff also seeks attorney's fees under 42 U.S.C. § 1988.

For the purpose of the damages determination, the court makes the following findings of fact and conclusions of law.

**Findings of Fact**

1.    On or about May 11, 2003, plaintiff was arrested for driving under the influence by an officer with the Emporia Police Department.  Plaintiff was taken to the Lyon County Jail in Emporia, Kansas.  Plaintiff was very intoxicated.  Defendant Nava was the acting shift supervisor at the jail.  During her period of incarceration at the jail, plaintiff was raped, sodomized and sexually battered by Nava.

2. Plaintiff was released from jail at approximately 6:00 a.m. Her sister was waiting for her outside the jail.  Her sister saw plaintiff running from the jail.  She noticed immediately that plaintiff was crying and her face was red.  She was initially unable to get plaintiff to tell her what had happened.  Finally, plaintiff disclosed what happened.  Plaintiff's sister convinced her to call their parents.  She did so and her parents persuaded her to go to the hospital.  During this period of time, plaintiff was very emotional.  She appeared confused and emotionally distressed.

3. Plaintiff went to the Newman Regional Health in Emporia for an examination.  At this time, plaintiff was calmer and appeared withdrawn emotionally to those around her.  After her examination and release from the hospital, plaintiff went to her parents' house.

4.   Prior to the assault at the jail, plaintiff had been in a relationship with Curtis Baker for about six years.  They had a child together.  The child is presently seven years old.  The relationship with Baker ended approximately six months after the

assault. The assault was part of the reason for the breakup, but there were other factors as well. Plaintiff has not had any relationships since that time. She has dated on only a few occasions since the assault. She has trust issues with men.

    5. Prior to the assault, plaintiff was a happy, social person. After the assault, there was a noticeable change in her attitude and personality. She has become extremely withdrawn, not wanting to engage in social activities. She appears depressed. She has trouble sleeping and recurrent nightmares. She seldom leaves her home. She does not like to go anywhere by herself. She did see a psychologist several times after the assault, but she discontinued the sessions because she was concerned about the confidentiality of her statements. She believes that employment would be very difficult because she does not want to be around people. Recently, she has been babysitting her sister's children.

    6. Plaintiff testified at Nava's criminal trial. This testimony was stressful and difficult. Nava was convicted of rape, aggravated criminal sodomy, attempted aggravated criminal sodomy, and traffic in contraband in a correctional institution.

    7. The cost of seeing the psychologist was $360.00. This amount was paid by the Kansas Crime Victims Compensation Fund. The cost of the examination and treatment at Newman Regional Health was $229.00.

**Conclusions of Law**

4

1.   In an action brought pursuant to 42 U.S.C. § 1983, compensatory damages are available upon proper proof.  See Carey v. Piphus, 435 U.S. 247, 254-55 (1978) (basic purpose of damages award under § 1983 should be to compensate persons for injuries caused by deprivation of constitutional rights and thus such awards should be governed by principal of compensation).  Compensatory damages may be awarded for emotional and mental distress as well as for pecuniary loss.  Memphis Community School Dist. V. Stachura, 477 U.S. 299, 307 (1986) (compensatory damages in § 1983 action may include not only out-of-pocket loss and other monetary harms, but also include injuries as impairment of reputation, personal humiliation, and mental anguish and suffering).

2.  Plaintiff may also get punitive damages against Nava in his individual capacity.  Smith v. Wade, 461 U.S. 30, 35-6 (1983).  To receive punitive damages, a plaintiff must show that an official's conduct has been motivated "by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Id. at 56.

3.   Having carefully reviewed the evidence presented by plaintiff, the court finds that plaintiff is entitled to $750,589.00 in compensatory damages.   This amount consists of $589.00 in pecuniary losses and $750,000 for emotional and mental distress. There is little question that plaintiff has suffered severe mental anguish and suffering as a result of the assault by Nava.

4.  The court shall also award punitive damages in the amount of $1,000,000.00 for plaintiff and against Nava.  The court finds that the actions of Nava were motivated by evil intent and with a callous indifference to the federally protected rights of plaintiff.  The court believes this sum is adequate and reasonable to punish Nava.

5.  Finally, the court finds that plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.  Plaintiff's counsel shall submit documentation in support of their request for fees within ten days of the date of this order.

**IT IS THEREFORE ORDERED** that plaintiff be awarded damages of $1,750,589.00 against defendant Christopher Nava in his individual capacity.  This amount consists of $750,589.00 in compensatory damages and $1,000,000.00 in punitive damages.

**IT IS FURTHER ORDERED** that plaintiff be awarded attorney's fees pursuant to 42 U.S.C. § 1988.  Plaintiff's counsel shall submit documentation in support of their request for fees within ten days of the date of this order.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge