IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ERIKA MEYER,

              Plaintiff,

vs.                                **Case No. 04-4099-RDR**

CHRISTOPHER NAVA, et al.,

              Defendants.

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Christopher Nava, a former employee at the Lyon County Jail; the Board of County Commissioners of Lyon County, Kansas (Lyon County); and Gary Eichorn, Sheriff of Lyon County, Kansas (Sheriff Eichorn) on August 13, 2004. Plaintiff sought damages for injuries she suffered while she was incarcerated at the Lyon County Jail. On September 12, 2005 the court granted partial summary judgment to plaintiff and against defendant Nava in his individual capacity. On August 30, 2007 the court granted summary judgment to defendant Lyon County and Sheriff Eichorn on plaintiff's claims against them. The court awarded compensatory damages of $750,589.00 and punitive damages of $1,000,000 to plaintiff and against defendant Nava in his individual capacity on October 17, 2007. This matter is presently before the court upon plaintiff's motion for attorneys' fees.

In her motion for attorneys' fees, plaintiff contends that her

counsel has spent 505.5 hours in the prosecution of this case. Plaintiff also notes that 24.4 hours of law clerk time was spent on this case. Plaintiff indicates that the approximate hourly charge for her counsel is $200.00 per hour. Plaintiff's counsel believes that the lodestar amount should be enhanced "to a rate equivalent to that charged by private counsel working in medical malpractice and other personal injury litigation who receive results comparable to that achieved by counsel in this matter." They seek an attorney's fee award of 50% of the judgment in this case, or $875,294.50.

Prevailing parties in cases brought under federal civil rights law are entitled to recover their reasonable attorneys' fees. 42 U.S.C. § 1988. In determining a reasonable attorney's fee, the court first calculates the "lodestar" figure, that is, the product of multiplying reasonable hours by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The lodestar figure "is the presumptively reasonable fee." Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir. 1994). After calculating the lodestar, the court may then adjust the award upward or downward based upon the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Homeward Bound, Inc. V. Hissom Memorial Center, 963 F.2d 1352, 1356 (10th Cir. 1992). However, adjustments are proper only in "rare" and "exceptional" cases. Blum v. Stenson,

465 U.S. 886, 899 (1984).

There is little question that plaintiff is a prevailing party in this case. However, the court notes that plaintiff did not prevail on all of her claims. She did demonstrate that defendant Nava was liable for damages, but the court ultimately determined that her claims against defendants Sheriff Eichorn and Lyon County were without merit. There is no doubt that "a district court may reduce a lodestar calculation on the grounds that a prevailing party has achieved only partial success." Robinson v. City of Edmond, 160 F.3d 1275, 1283 (10th Cir. 1998). Where two or more claims in a suit, however, arise from "'a common core of facts or . . . related legal theories,'" the court must focus on the "'significance of the overall relief.'" Id. (quoting Hensley, 461 U.S. at 435). "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Hensley, 461 U.S. at 440. Put another way, "when a plaintiff achieves the principal goal of her lawsuit, lack of success on some of her interrelated claims may not be used as a basis for reducing the plaintiff's fee award. When a plaintiff achieves most or all of what she aimed for in a civil rights lawsuit, her lawyer should receive 'a fully compensatory fee.'" Robinson, 160 F.3d at 1283 (quoting Hensley,, 461 U.S. at 435). The policy reason behind this rule is that "[l]itigants

should be given the breathing room to raise alternative legal grounds without fear that merely raising an alternative theory will threaten the attorney's subsequent compensation." Id.

The court is persuaded here that the claims asserted against Sheriff Eichorn and Lyon County were claims related to those asserted against defendant Nava. All of the claims in this case arose from a core of facts. The court finds that the award of fees should not be reduced for the partial success of the plaintiff.

With that decision, the court shall turn to the number of hours claimed by plaintiff's counsel. The burden is on the applicant to show that the hours claimed are reasonable. Blum, 465 U.S. at 897. To satisfy the burden of proving a reasonable fee, counsel must keep contemporaneous and detailed records of time. Sussman v. Patterson, 108 F.3d 1206, 1212 (10th Cir. 1997).

The court has carefully reviewed the records provided by plaintiff's counsel. The court is persuaded that the number of hours expended on the litigation by the two attorneys for the plaintiff was reasonable. The court does not see any significant duplication of effort here. The court finds the records support a finding that these attorneys expended 505.5 hours on this case. The court further finds that the hours expended by the law clerks on the case were reasonable.

The court shall now consider the determination of the hourly rate. To determine what constitutes a reasonable rate, the

district court considers the "prevailing market rate in the relevant community." Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996). Plaintiffs must provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. Blum, 465 U.S. at 895 n. 11; Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1255-56 (10th Cir. 1998). "The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983), overruled in part on other grounds, Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987). If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." Case, 157 F.3d at 1257. A district judge may consider his or her "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." Metz, 39 F.3d at 1493 (internal quotation marks omitted).

    The record before the court is somewhat lacking concerning the appropriate hourly rate. Plaintiff's counsel have simply indicated that they normally bill at the rate of $200 an hour for federal cases such as this one. They have not provided any additional evidence on the prevailing rate in this area. Nevertheless, based upon the court's own knowledge of the prevailing rate in this

market, the court finds that the rate noted by plaintiff's counsel is reasonable.  This rate is in accord with the hourly rate charged by attorneys with the experience of plaintiff's counsel in civil rights actions in the Topeka community.  The court also finds that the hourly rate assigned to the work of the law clerks is reasonable.

Finally, we turn to plaintiff's counsel's request for a fee enhancement.  As stated previously, there is a strong presumption that the loadstar is the reasonable fee, and the fee applicant bears the burden of showing that such an adjustment is necessary to the determination of a reasonable fee.  Plaintiff's counsel fails to recognize that the Supreme Court has severely restricted the court's discretion to adjust the lodestar upward.  See Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 565 (1986).

Plaintiff's counsel have not shown why the lodestar amount is unreasonable or why the quality of representation is not reflected in the product of the reasonable number of hours times the reasonable rate.  Plaintiff's counsel have not shown that this case is one of the very rare circumstances where the attorneys' work is so superior and outstanding that it far exceeds the expectations of clients and normal levels of competence.  Without a showing that this case is rare or exceptional, the court cannot increase the fee award.

Accordingly, the court shall award attorneys' fees to

plaintiff's counsel in the amount of $102,320.00.

**IT IS THEREFORE ORDERED** that plaintiff's motion to approve attorneys' fees (Doc. # 105) is hereby granted in part and denied in part.  The court hereby awards attorneys' fees to the plaintiff in the amount of $102,320.00.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2008, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                    United States District Judge